JOHANNING v. WILSON et al.

(Supreme Court, Appellate Term.   January 7, 1904.)

1. PARTNERSHIP—DISSOLUTION—LIABILITY OF MEMBERS.
    An employé of a firm had knowledge of the existence of the partnership from an inspection of the written articles, and thereafter, during his employment, and without his knowledge, the firm was dissolved.   *Held*, that a note purporting to be a partnership obligation executed by one of the partners after the dissolution, but during the employment, was binding on all the members of the former firm.

2. SAME—FRAUDULENT ORGANIZATION.
    In an action against members of a former firm on a firm obligation, defendants cannot set up the fraudulent organization of the partnership as a defense.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Charles F. W. Johanning against John C. Wilson, Jr., and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Job E. Hedges (Louis Frankel, of counsel), for appellant.

Aaron H. Schwartz, for respondent.

GREENBAUM, J. The nature of this action, and the circumstances out of which it arose, are set forth in the opinion of this court on a previous appeal, heard at the last April term, when a judgment in favor of the defendants was reversed.

The facts as testified to by plaintiff's witnesses show that the note in suit was given to Thornton, the original payee, for services rendered; that on April 29, 1902, while engaged in these services, the copartnership of defendants was in actual existence; that Thornton had direct knowledge of the fact from an inspection of the written articles of copartnership given to him for use in connection with his employment; that although the copartnership was in fact dissolved on May 2, 1902, Thornton continued to render the services in procuring a theatrical license for the copartnership firm; that he had no notice of the dissolution while so engaged; and that the note in suit, which purported to be a partnership note, was executed and delivered to him during the period of time when such services were being rendered. Defendants contradicted plaintiff's witness Thornton in many essential respects, but this court, in considering the legal question here submitted, must accept the facts as testified to by plaintiff's witness. "It is the general rule that, after the dissolution of a partnership, neither of the parties can give notes or accept bills so as to bind the other partners, even when it is done for the purpose of providing for a debt due from the former firm. * * * There is no doubt that where the business is continued by one partner in the firm name after the dissolution of the firm, or debts are contracted by him with persons who had previous dealings with the firm, all the members of the former firm are liable, in the absence of notice of such dissolution." Morrison v. Perry, 11 Hun, 33. As the facts in this case show that Thornton had dealings with the firm during its existence, and continued them after the dissolution, without notice of the latter fact, the defendants are liable upon said note.

Nor can the defendants be heard to say that their partnership was fraudulently concocted, and the plaintiff participated in the fraud, because the finding of the court below must be held to have exonerated Thornton, and defendants cannot now be heard to set up their own fraud as a defense to the note.

Judgment affirmed, with costs. All concur.